COLE, Judge.
The issue presented in this property damage case is whether or not the court erred in failing to find the plaintiff-appellee con-tributorily negligence, or alternatively, whether or not the court erred in failing to find the damage was caused by the negligence of a third party rather than by the negligence of the Police Jury.
The facts are as follows: on and before February 27, 1979, the Tangipahoa Parish Police Jury (hereinafter referred to as Police Jury) was replacing a bridge on South Holly Street, just outside the city limits of Hammond, Louisiana. The Police Jury earlier that day had removed the wooden bridge and dredged the underlying canal, piling the dirt alongside the canal resulting in a four to five foot tall embankment across the road. The south end of Holly Street intersected with Minnesota Park Drive and the north end with Covington Highway. Each end had been barricaded at the intersection with a saw-horse barrier blocking one lane of traffic. A sign on the barrier read “road closed” and was painted with reflective stripes. Further down the road from each intersection, near the dirt embankment, was another saw-horse barrier covering both lanes of traffic. This barrier also had a “road closed” sign attached to it. A stop sign was positioned atop the dirt embankment.
At approximately 7:20 p. m. on February 27, 1979, a car driven by Glen Ard crashed through both barriers on the south end of Holly Street, knocked them aside, went over the dirt embankment and landed nose-down in the canal. Several hours later, at about 1:00 a. m. on February 28, 1979, a car being driven by plaintiff-appellee also went across the dirt embankment, but landed on the other side of the canal. Both drivers filed suit against the Police Jury and the cases were consolidated for trial. The trial court found Mr. Ard to be contributorily negligent in failing to observe the signs and rendered judgment against him. He has not appealed. The court found no negligence on the part of Mr. Matheu and rendered judgment in his favor in the amount of $660.30 for expenses incurred for the towing and repair of his automobile, plus interest. The Police Jury appeals.
We cannot agree with appellant’s first argument, that appellee was contributorily negligent and therefore should be barred from recovery. The record does not contain any evidence of his negligence. He testified he was traveling at approximately 45 miles an hour, he had observed no warning signs or evidence of construction prior to hitting the dirt embankment and the area near the ditch was not well lighted so that the embankment appeared to be a shadow in the road. He admitted he had consumed several beers earlier in the day at Mardi Gras festivities in New Orleans but stated he had not had anything to drink since midafternoon. There was no contradictory evidence showing he was under the influence of alcohol at the time of the accident or that he was negligent in any way.
Matheu’s testimony concerning the lack of visible signs or barricades was corroborated by the testimony of two Hammond city police officers. Officer Larry Dykes and Sergeant Paul Schumaker each testified that when they investigated the Ard accident several hours earlier, the warning signs and barricades had been knocked from their original positions and lay fragmented in the road. One warning sign had apparently been hit head-on by the Ard vehicle and part of it was found on top *700 of the Ard car and part found in the mud underneath. The officers testified they did not attempt to right the signs or make other provisions to warn motorists. Because the site of the accident was outside their official territory the officers took no action other than to ascertain whether or not Ard was injured and then notified the Amite sheriff’s office of the accident. This evidence establishes that at the time of the second accident the warning signs were not sufficiently visible to alert Mr. Matheu of the construction. Since there were no warning signs we cannot say he was negligent in failing to anticipate the road construction.
We find ample evidence in the record showing the canal was properly marked and barricaded by the Police Jury. Mr. Robert Stevenson, construction foreman for the Police Jury, testified as to the condition of the warning signs as of approximately 7:00 p. m. on February 27, 1979. He testified each end of Holly Street was well marked at the respective intersection and near the embankment, as previously described. He stated the signs were in place when he left the site less than a half hour before the Ard accident. Officers Dykes confirmed Stevenson’s description of the position of the signs on the north end of Holly Street. (These signs were not disturbed by the Ard accident.) On the basis of this evidence we conclude the Police Jury was not negligent and therefore we reverse the judgment of the trial court.
The record contains written reasons for judgment which read in part as follows:
“The second accident occurred at approximately 1:00 A.M. on the following morning of February 28, 1979. It was obviously caused by the fact that no barricades or warning signs were in place between Minnesota Park Drive and the scene of the accident as they had been knocked down by the car driven by Ard earlier. The City Police had notified the Tangipahoa Parish Sheriff’s Office of the first accident.”
The court stated it found Mr. Matheu free from negligence and rendered judgment in his favor, without specifying the theory of liability it relied upon. Because we are unsure of the basis of the trial court’s reasoning we will briefly discuss the various theories it may have applied.
If the court based its judgment on the conclusion that the Police Jury was negligent, we disagree as explained above. We find the Police Jury acted reasonably in setting up the two barricades and three signs. The signs were in place prior to the accident. Although the Police Jury certainly had an obligation to take reasonable steps to ascertain whether or not the signs remained in position, they can hardly be expected to have discovered these signs had been removed during this nocturnal period.
The trial court mentioned the Tangi-pahoa Parish Sheriff’s Office had been informed of the first accident, possibly implying this served as notice to the Police Jury. We cannot agree. The Police Jury and the Sheriff’s office are two separate entities. The Police Jury is the governing body of the parish while the Sheriff’s office serves an entirely different function. Although both are political subdivisions of the state, notice to one cannot be construed as notice to the other. Since there is no evidence in the record showing that the Sheriff’s office actually conveyed the information about the accident to the Police Jury authorities, we find it irrelevant that the Sheriff’s office had been notified.
Counsel for both parties argue in their briefs the liability should be analyzed in terms of La.Civ.Code art. 2317. Even if the trial court had relied on this theory we feel the facts of the case are not appropriate for the application of this article. In order for article 2317 to be applicable the defendant must be the custodian of a “defective thing.” On the one hand a bridge under construction can be said to be “totally defective” as a useful bridge and would certainly pose an unreasonable risk to anyone attempting to traverse it in the usual manner. On the other hand a bridge under construction, when properly marked and barricaded, is not a defective thing at all. *701 The “road closed” warnings and barricades informed the public the bridge had ceased to function as a usable passageway and should not have presented an undue risk to anyone. Since the “thing” under the custody of the Police Jury (the well marked and barricaded construction site) was not “defective” in the usual sense of the word, article 2317 has no application.
As a practical matter, application of article 2317 would not change the result in this case because the damage was caused by the act of a third person (Mr. Ard) when he negligently destroyed the warning signs and barricades. The fault of a third person is sufficient to relieve the Police Jury of liability under article 2317. Loescher v. Parr, 324 So.2d 441 (La.1975), rehearing denied 1976.
In failing to find the damage was caused by the negligence of a third party, rather than by the negligence of the Police Jury, the trial court erred. Accordingly, the judgment of the trial court is reversed. Appellee is to pay all costs.
REVERSED.
WATKINS, J., concurs and assigns reasons.